This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 33,178**

**CHRISTOPHER GAMBLE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}	Christopher Gamble (Defendant) appeals from the district court's judgment affirming his jury trial conviction for DWI and improper display of a license plate following an on-record appeal. He contends that the metropolitan court erred in denying his motion to suppress because the stop of his vehicle was not supported by reasonable suspicion. This Court issued a calendar notice proposing summary affirmance. Defendant filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2}	In our calendar notice, we proposed to hold that the metropolitan court did not err in denying Defendant's motion to suppress. [CN 4-5] Defendant's memorandum in opposition does not point to any specific errors in fact or in law in our calendar notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, Defendant in his memorandum in opposition continues to argue that the district court erred in finding reasonable suspicion for the initial stop because the arresting officer made conflicting statements in his pretrial interview and at the hearing on Defendant's motion to suppress as to the basis for the stop. [MIO 6-8]

{3}	In our calendar notice, we recognized that the metropolitan court made a factual finding that, while it was unclear whether Officer Monette stopped the vehicle or

whether the vehicle was already stopped, his testimony was consistent that he did not turn his emergency lights on until he noticed that Defendant's license plate was expired. [CN 6] This factual finding was based on the officer's testimony at the motion hearing. [MIO 4; RP 112] Defendant's memorandum in opposition simply restates the argument that this finding was not supported by sufficient evidence because the officer made conflicting statements at a pretrial interview. [MIO 6]

{4} While we acknowledge that Defendant cross-examined Officer Monette regarding his pretrial interview statements, we note that the State conducted redirect examination to clarify his testimony, and the metropolitan court also asked the officer a question designed to clarify the time line. [MIO 3] Based on the entire testimony, the metropolitan court made its factual finding regarding the reason and timing of the traffic stop. [MIO 4] "As an appellate court, we do not substitute our judgment for that of the factfinder concerning the credibility of witnesses or the weight to be given their testimony." *State v. Nichols*, 2006-NMCA-017, ¶ 9, 139 N.M. 72, 128 P.3d 500 (internal quotation marks and citation omitted). We therefore conclude that there was substantial evidence based on the officer's testimony to support the metropolitan court's factual finding that the officer activated his lights and effected a traffic stop following his discovery that Defendant's license plate was expired.

{5} Based on this finding, we proposed to hold in our calendar notice that Officer Monette had reasonable suspicion to believe that Defendant was driving with an

3

expired license plate, and the officer was justified in making a traffic stop. [CN 4] *See State v. Vandenberg*, 2002-NMCA-066, ¶ 17, 132 N.M. 354, 48 P.3d 92 ("A police officer may stop a vehicle if he has an objectively reasonable suspicion that the motorist has violated a traffic law."), *rev'd on other grounds*, 2003-NMSC-030, 134 N.M. 566, 81 P.3d 19. Defendant's memorandum in opposition does not point to any error in law and consequently has failed to demonstrate that this Court's proposed disposition is incorrect.

{6}     For these reasons, and those in our calendar notice, we affirm.

{7}     **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Chief Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**M. MONICA ZAMORA, Judge**